## Correll *v.* Newman.

No. 41136          April 27, 1959          111 So. 2d 643

*Pierce & Waller,* Jackson; *James Stone & Sons,* Oxford, for appellant.

546

*Robert T. Riser,* Batesville, for appellee.

McGEHEE, C. J.

In this case the appellant, Mrs. Gene Newman Correll, sought the modification of a divorce and custody of children decree rendered in 1954 in the Chancery Court of Panola County. The two children, Myra Janette Newman and Deborah Fay Newman, were born on December 3, 1947, and May 19, 1951, respectively, and they were born of the marriage of the appellant and the appellee,

Charles S. Newman. She did not contest the suit for divorce or the award of the custody of the children to appellee in the suit in 1954. In fact, she was financially unable to have then cared for the children, and she came to Jackson and obtained employment with the Mississippi Workmen's Compensation Commission at a salary of $200 per month, which was insufficient to enable her to rent an apartment sufficiently large enough for her and the children and to support herself and them.

The parties were residing at Batesville, where the appellee was serving as band director in the school. He kept the little girls with him there for about two months and they were then placed in the home of the appellee's mother in Jackson, where the appellant visited them from time to time and helped them as much as she could under the circumstances. The appellee bought a home for his mother in Jackson and contributed money to the support of the children. The appellant took a course in shorthand and prepared herself for stenographic work during off hours from her employment with the Workmen's Compensation Commission, and she was later able to earn a salary of $305 per month at her employment with the said Commission. She later married Edward Kingston Correll of Jackson, who is now an attorney in the legal department of the Ohio Oil Company at Shreveport, Louisiana.

Due to the change in appellant's financial condition and ability to support and maintain the children she filed a second petition for a modification of the custodial decree, and the hearing was had in August of 1958.

In the meantime the appellee had also remarried and had become the band director in the school at Picayune, Mississippi. The proof disclosed that both the father and mother of the children were of exemplary character as found by the chancellor from the proof of numerous witnesses who testified at the hearing on behalf of the respective parties.

The proof also disclosed that both the appellee and the appellant had acquired modern three bedroom homes at Picayune, Mississippi, and Shreveport, Louisiana, respectively, but on which there were mortgage indebtednesses payable in monthly installments, but that the mortgagors were earning a sufficient income to meet the payments on their respective homes and to support and maintain the two little girls involved in this controversy.

After consideration of all of the testimony in the case the special chancellor found that it was to the best interest of the little girls to remain in the home of their father and stepmother at Picayune, Mississippi, where the children had become adjusted in their new home and had been residing for approximately a year prior to the hearing. The special chancellor found that the children would be fortunate to be reared in either of the homes and would have been welcome at either, and that their custody was much desired by both the mother and the father and by the husband of the appellant and the wife of the appellee.

Among the errors assigned is the refusal of the special chancellor to interview the little girls. In the case of Forbes, et al v. Warren, 184 Miss. 526, 186 So. 325, where the child was more than 14 years of age and desired to remain with her maternal grandparents who had reared her since birth, it was held that the wishes of the child should be respected as against the demands of the father who had remarried, although the father and his second wife were also fit persons to have the care and custody of the child, but we do not think that in view of the difference in the ages of that child and those involved in the present case the Forbes v. Warren case would be controlling here. Moreover, there is no requirement of law that a chancellor shall interview the children involved. It is a matter within his discretion in considering their ages and ability to make a choice which would be to their best interest in the long run.

After a careful study of the record of the hearing and a consideration of the briefs on behalf of the respective parents, we are unable to say that the chancellor erred in discharging the grave responsibility that rested upon him in this case. Most assuredly we are unable to say that he was manifestly wrong in the conclusion that he reached and that therefore the decree leaving the care and custody of the children with their father and his present wife was not manifestly erroneous.

The decree appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Gillespie, JJ.,* concur.